IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHNNIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| FOGELMAN MANAGEMENT GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### PARTIES & JURISDICTION

COMES NOW Plaintiff Johnnie Johnson, by and through his attorneys, and for his complaint against Defendant Fogelman Management Group, LLC., states as follows:

1. This is an action for monetary damages, declaratory and injunctive relief and other equitable and ancillary relief, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), for racial discrimination, and for age discrimination under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq.*

2. Plaintiff, Johnnie Johnson (hereinafter "Plaintiff" or "Johnson"), is an individual residing in the State of Missouri, County of St. Louis.

3. Defendant Fogelman Management Group, LLC (hereinafter "FMG" or "Defendant") is a Tennessee Limited Liability Company, doing business in the State of Missouri.

4. At all times relevant, Dennis Cox ("Cox") was an employee of FMG and the maintenance supervisor at Plaintiff's place of employment.

5. At all times relevant, Kimberly LaMartina ("LaMartina") was an employee of FMG and the property manager at Plaintiff's place of employment.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Plaintiff requests a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

8. Venue is proper in the Eastern District of Missouri because Plaintiff was employed in the Eastern District of Missouri, and all of the events complained of herein occurred in St. Louis County, Missouri within the Eastern District of Missouri.

9. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  He received a Notice of Right to Sue Letter on July 24, 2018 for Charge No. 28E-2018-00508F from the EEOC and has timely filed this action within 90 days of receipt of that Notice of Right to Sue Letter.  *See* Charge of Discrimination attached hereto as Exhibit 1.

## FACTS COMMON TO ALL COUNTS

1. Johnnie Johnson was born May 3, 1955.  At the time of his termination. Plaintiff was 62 years old.

2. Johnson became first employed at the Vanguard Crossing Apartments, located at 8342 Delcrest Drive in St. Louis, Missouri, as a maintenance technician in 2014.

3. At that time there were only two members of the maintenance team employed at the property, a supervisor and a technician.

4. At some point, FMG took over management of the Vanguard Crossing Apartments (hereinafter referred to as the "Property").

5. Johnson was hired by FMG to remain on the maintenance staff.

6. The maintenance supervisor resigned.  For a period of approximately 6 months, Johnson was the only employee performing maintenance work at the Property.

7. Cox was hired by FMG.  Cox did not have any experience as a supervisor prior to his position at the Property.

8. Regardless, Cox, a Caucasian male in his 30's, was named maintenance supervisor and Johnson was required to train Cox.

9. LaMartina was hired as the property manager.

10. In late summer of 2017, Johnson verbally complained about having to train his supervisor and about his workload resulting from Cox's frequent lack of work. For example, Cox and LaMartina would be continually alone together, not working, with the doors locked and the blinds closed.

11. On several occasions after his complaints, Johnson was verbally reprimanded for failing to accomplish all of his work in a given day and told that he was working too slow.

12. On September 22, 2017, Johnson and Cox were working together in an apartment, attempting to fix the air conditioner.

13. The problem took several attempts to fix.

14. On September 25, 2017, Johnson received an associate counseling form stating that it was his first written warning and his final written warning for job performance, failure to follow policies and for poor attitude.  *See* Associate Counseling Form dated September 25, 2017 and attached hereto as Exhibit 2.

15. The form indicated that Johnson misdiagnosed the air conditioner problem as a faulty compressor when it was actually overfilled with Freon, that he released Freon into the atmosphere against company policy and that he has a poor attitude.  *Id*.

16. Johnson was not given an opportunity to protest the reprimand or explain his side of the story.  He later submitted an explanation to Stephanie Joyner in human resources at FMG, through a writing on the reverse side of the counseling form.  *Id*.

17. Cox did not receive any similar counseling form from LaMartina, even though they were working together at the time, jointly misdiagnosed the failure and Johnson was acting at the direction of Cox. *Id*.

18. On numerous occasions, LaMartina would berate and reprimand Johnson for work that was either performed by Cox or supposed to have been performed by Cox. Cox never received any similar reprimand.

19. On October 6, 2017, Johnson received a verbal warning from LaMartina stating that he painted a common hallway and that he allowed paint drips to dry on the carpet.

20. Johnson informed LaMartina that Cox in fact painted the hallway. Cox did not receive any reprimand.

21. On October 15, 2017 LaMartina approached Johnson and reprimanded him for a failure to perform his job duties related to making apartments 112 and 331 ready for new tenants.

22. It was later determined that the "make-ready" checklists were performed by Cox and that he is the one that failed to perform the tasks that LaMartina was reprimanding Johnson for failing to perform.

23. Cox later admitted that he failed to perform the tasks and no reprimand was ever issued by LaMartina.

24. On October 31, 2017, Johnson, upon finishing the make-ready list on an apartment, responded to the cleaning crew that he would not need to be back inside the apartment unless someone ordered him to perform more work. Johnson was later called into LaMartina's office who proceeded to reprimand him in a shouting and aggressive manner for re-entering apartments to perform additional work after the cleaning crew because it would no longer be guaranteed. Johnson, in fact, had not been back in the apartments.

25. There were numerous additional occasions when LaMartina verbally accused Johnson of failures and shortcomings that were either shown later not to be accurate or to have been the actual result of a failure by Cox; however, Cox was never reprimanded.

26. Prior to his complaints that Cox was not performing his duties, Johnson had not received a single warning or reprimand related to his job performance.

27. On December 7, 2017, Johnson underwent a laparoscopic appendectomy surgery.

28. Following surgery, Johnson's physician drafted orders stating that Johnson may return on work on December 12, 2017 with restrictions not to lift more than ten (10) pounds for the next two (2) weeks.  *See* Corr. from Dr. Marquez dated December 7, 2017, attached hereto as Exhibit 3.

29. On December 11, 2017, after a follow-up examination, Dr. Marquez stated that Johnson may return to full duty with no restrictions on December 22, 2017.  *See* Corr. from Dr. Marquez dated December 11, 2017, attached hereto as Exhibit 4.

30. On December 19, 2017, after a second follow-up examination, Dr. Marquez revised his orders stating that Johnson may return to work on December 22, 2017, but with the continued restriction that he not lift over ten (10) pounds until January 3, 2017.  *See* Corr. from Dr. Marquez dated December 19, 2017, attached hereto as Exhibit 5.

31. These letters were provided by Johnson to FMG.

32. While on restricted duty, Johnson was ordered by Cox to help him move a refrigerator.  Johnson reminded him of his lifting restrictions and Cox told him that it had to be done.

33. Johnson reluctantly helped Cox move the refrigerator at the direction of his supervisor, under protest and in fear of losing his employment.

34. Johnson informed Cox and other employees that he experienced pain when lifting more than ten (10) pounds.

35. Cox responded to Johnson's complaints of experiencing pain when lifting more than ten (10) pounds by saying "maybe you're getting too old for this job."

36. Cox additionally ordered Johnson to lift at least two microwave ovens, a washing machine and other items in excess of ten (10) pounds while on restricted duty. When Johnson protested he was told by Cox that it had to be done.

37. Johnson reluctantly performed the lifting duties in excess of ten (10) pounds at the direction of his supervisor, under protest and in fear of losing his employment.

38. On December 31, 2017, Johnson was called into work to fix the furnace in one of the resident's apartments.

39. Johnson addressed the problem and was able to get the heat to return before leaving the apartment.

40. During that evening, the resident's heat went off again.

41. This time Cox was called to the Property to fix the problem. He determined that the breaker switch had melted and replaced it.

42. Johnson received a reprimand for failure to properly diagnose the furnace problem and failing to inspect the breaker.

43. When Johnson fixed the furnace, initially returning heat to the apartment, the breaker was functioning properly and the furnace was operational.

44. Additionally, the furnace continued to malfunction over the following week after Cox performed his repairs to the breaker and the tenant had to be provided a hotel and moved to another apartment until the repairs were proven to be complete.

45. Johnson was illegally terminated on January 7, 2018 and was informed that it was the result of his failure to inspect the breaker that Cox later replaced.

46. At the time of Johnson's termination, he was the only employee at the Property on restricted duty and senior to all such employees by nearly thirty (30) years in age.

## COUNT I –Age Discrimination

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count I of his Complaint, states as follows:

47. Plaintiff incorporates the preceding paragraphs of this Complaint into Count I of this Complaint as if fully set forth herein.

48. Plaintiff brings this action pursuant to 29 U.S.C. § 621 of the ADEA to recover lost wages, compensation, benefits, liquidated damages, attorneys' fees and other recoverable damages owed to Plaintiff by Defendant because of Defendant's discrimination against Plaintiff because of his age, then 62, which placed him in the protected age class at the time of his discharge in January of 2018.

49. Plaintiff worked at the Property as a maintenance technician for more than three (3) years and was deeply dedicated to his work and the residents at the Property.

50. Plaintiff sought advancement to a supervisory position on numerous occasions and, even when there was no other person to promote, Defendant left the position vacant until they filled it with a much younger and less knowledgeable individual.

51. Johnson was improperly and inappropriately reprimanded on several occasions, berated for medical conditions that supervisors joked about as related to his age, and was forced to endure comments that he was old and slow.

52. Johnson was ultimately terminated on January 7, 2018, under the guise of a failure to perform his duties, which was entirely unfounded.

53. Upon information and belief, Defendant hired a much younger maintenance technician to fill the vacancy created by Johnson's termination.

54. As a direct and proximate result of Johnson's termination by Defendant, he has sustained and will continue to sustain lost wages and other benefits of employment, including future salary.

55. The conduct of Defendant was wanton, willful, and showed a reckless indifference to Johnson's protected rights as set forth above, justifying an award of liquidated damages against Defendants.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant and thereafter:

A. Order Defendant to make Johnson whole for any and all loses or damages he has suffered including back pay, benefits of employment, and front pay;

B. Reinstatement to his former position with all emoluments of that position;

C. Award Johnson liquidated damages against the Defendant in such sum as this court believes is fair and reasonable;

D. Award Johnson the costs of this action, together with his reasonable attorneys' fees;

E. Award Plaintiff pre- and post-judgment interest; and

F. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT II –Racial Discrimination

COMES NOW Plaintiff, by and through his undersigned counsel, and for Count II of his Complaint, states as follows:

56. Plaintiff incorporates the preceding paragraphs of this Complaint into Count II of this Complaint as if fully set forth herein.

57. Defendant discriminated against Plaintiff by terminating him for pretextual reasons because of Plaintiff's race, African-American.

58. Race was a motivating factor in Defendant's termination of Plaintiff.

59. Plaintiff is now suffering and will continue to suffer injury and monetary damages as a result of Defendant's discriminatory practices.

60. Defendant's conduct was willful and wanton, to the point that it justifies an award of punitive damages.

WHEREFORE, Plaintiff prays this Court to enter judgment in his favor and against Defendant and thereafter:

A. Order Defendant to make Johnson whole for any and all loses or damages he has suffered including back pay, benefits of employment, and front pay;

B. Reinstatement to his former position with all emoluments of that position;

C. Award Johnson compensatory and punitive damages in an amount to be determined at trial;

D. Award Johnson the costs of this action, together with his reasonable attorneys' fees; and

E. Award Plaintiff pre- and post-judgment interest;

F.  Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

**NEWTON BARTH, L.L.P.**

By:   /s/ *Brandy B. Barth*
Brandy B. Barth, 56668MO
555 Washington Ave., Suite 420
St. Louis, Missouri 63101
(314) 272-4490 – Telephone
(314) 762-6710 – Facsimile
brandy@newtonbarth.com